■ ZSUZSANNA EZRA, Appellant, v LIFE INSURANCE COMPANY OF NORTH AMERICA, Respondent. [748 NYS2d 481] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered on or about July 9, 2001, which, to the extent appealed from as limited by plaintiff's brief, denied plaintiff's motion for summary judgment seeking retrospective long-term disability payments for the period from May 9, 1998 to April 3, 2001, unanimously affirmed, without costs.

The divergence of opinion expressed by the parties' experts precludes summary judgment. Contrary to plaintiff's argument, the facts that defendant's first expert did not examine plaintiff's medical records until August 1999, and that defendant's second expert did not examine plaintiff until April 2001, do not entitle plaintiff to summary judgment as to either of the corresponding time periods. Defendant's expert affidavits raise a triable issue of fact as to whether plaintiff remained disabled, pursuant to the terms of the insurance policy, for any period of time subsequent to May 8, 1998, the date when her disability payments terminated. Concur—Tom, J.P., Ellerin, Lerner, Rubin and Gonzalez, JJ.

■ In the Matter of LIJYASU M. KANDEKORE, a Disbarred Attorney. [751 NYS2d 726] —Motions for, inter alia, reargument, and leave to file a supplemental petition for reinstatement denied. No opinion. Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Rubin, JJ.

■ In the Matter of PEDRO ESPADA, JR., Appellant-Respondent, v RUBEN DIAZ, Respondent-Appellant, and WEYMAN CAREY et al., Respondents, et al., Respondents. [748 NYS2d 481] —Order, Supreme Court, Bronx County (Robert Seewald, J.), entered on or about September 17, 2002, and judgment, same court and Justice, entered October 15, 2002, which, inter alia, denied petitioner's application for, inter alia, a new election with respect to the Democratic Party primary for the 32nd Senatorial District, Bronx County, and granted respondent Diaz's motion to confirm the referees' report, unanimously affirmed, without costs.

We find no basis for disturbing Supreme Court's determination. Concur—Saxe, J.P., Buckley, Friedman and Gonzalez, JJ.